Town of Milton and another, Appellants, vs. Industrial Commission and others, Respondents.

*December 9, 1938——January 10, 1939.*

For the appellants there was a brief by *Richmond, Jackman, Wilkie & Toebaas* of Madison, and oral argument by *W. L. Jackman.*

For the respondents Industrial Commission and state of Wisconsin there was a brief by the *Attorney General* and *Mortimer Levitan,* assistant attorney general, and oral argument by *Mr. Levitan.*

*Claude D. Stout* of Palmyra, attorney, and *Alvin M. Loverud* of Stoughton of counsel, for the respondents Frank Hurley and Cora Hurley.

FAIRCHILD, J.  The town of Milton sent its equipment and certain members of its fire department to the assistance of a resident of the town of Harmony.  This was done under an arrangement between the two towns.  There was, however, no agreement on the part of the town of Milton to furnish any specific number of men, nor had the town of Milton authorized the employment of additional help on its account.

The statutes relating to the powers of fire-department officers and to the furnishing of fire protection by one town to another do not contain any authorization for the employment of men by a department responding to a call from a neighboring town.  Sec. 60.29 (20), Stats. 1935, provides that the supervisors of any town may make payment out of the general fund to any incorporated village in the county to secure and pay for fire-department service.  Sec. 213.095 (1), Stats. 1935, provides that certain officers of any organization created for the purpose of extinguishing fires, when on duty at a fire or in response to an alarm for a fire, shall have authority to suppress any tumult or disorder and to command from the inhabitants of the city or town all needful assistance for the suppression of fires.  It also provides that the named officers shall have authority to do whatever may reasonably be necessary in the performance of their duties while engaged in the work of extinguishing any fire or performing any duties incidental thereto.  It may well be that under these sections the chief had authority to ask Hurley to help in moving the hose, but if so, this power was derived not from the town of Milton, which had only agreed to send its department and its own men, but from the town of Harmony, from which the call had come.

The municipal authority of the town of Milton could not follow the fire fighters to the town of Harmony.  The power to summon help at a fire in the town of Harmony must arise from that town whose particular welfare was being cared for.

When the chief asked Hurley to help, he was not in the town of Milton and was not acting for the town of Milton, and those facts distinguish the present case from *Burlington v. Industrial Comm.* (1928) 195 Wis. 536, 218 N. W. 816. The doctrine there adopted is not applicable here.

When Hurley responded to the summons of the officer then in charge of fire fighting in the town of Harmony, he did not thereby become an employee of the town of Milton, and that town cannot be required to pay compensation for his death. No other question is before us.

*By the Court.*—Judgment reversed, and cause remanded with directions to vacate the award and to remand the record to the commission for further proceedings according to law.